# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EUGENE BARBER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>REYNA,<br><br>　　　　Defendant. | Case No. 1:22-cv-01594-BAM (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br>(ECF No. 13)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>**FOURTEEN (14) DAY DEADLINE** |

　　　　Plaintiff James Eugene Barber ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action was initiated on December 13, 2022, (ECF No. 1), and Plaintiff filed a first amended complaint on February 13, 2023, (ECF No. 12).

　　　　On February 17, 2023, the Court issued an order requiring Plaintiff to show cause, within twenty-one days, why this action should not be dismissed for failure to exhaust administrative remedies. (ECF No. 13.) On March 10, 2023, Plaintiff filed a response to the order to show cause. (ECF No. 14.)

///

1

## I.    Legal Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

In rare cases where a failure to exhaust is clear from the face of the complaint, it may be dismissed for failure to state a claim. *See, e.g.*, *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014); *Medina v. Sacramento Cty. Sheriff's Dep't*, No. 2:16-cv-0765 AC P, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening for failure to state a claim."); *Lucas v. Dir. of Dep't. of Corrs.*, 2015 WL 1014037, at *4 (E.D. Cal. Mar. 6, 2015) (relying on *Albino* and dismissing complaint without prejudice on screening due to plaintiff's failure to exhaust administrative remedies prior to filing suit).

## II.   Discussion

In the first amended complaint, Plaintiff states that there is an inmate appeal or administrative remedy process available at his institution, but that he has not filed an appeal or

1 grievance concerning all of the facts contained in the complaint, and has not completed the
2 process.  (ECF No. 12, p. 2.)  Plaintiff further explains that he has been advised that his initial
3 grievance from November 1, 2022 was not received, therefore he had to file a separate grievance
4 and is waiting for the response.  (*Id.*)  Based on this information, it appeared Plaintiff filed suit
5 prematurely without first exhausting his administrative remedies in compliance with the PLRA,
6 section 1997e(a).

7       In his response to the Court's order to show cause, Plaintiff attaches a copy of a Claimant
8 Grievance Receipt Acknowledgement dated December 5, 2022, indicating that Plaintiff's
9 grievance was received on December 5, 2022, was assigned for review and response, and the
10 Office of Grievances would complete its review no later than February 4, 2023.  (ECF No. 14, p.
11 2.)  Plaintiff states that he attaches this exhibit to show that he has been waiting on a clear path to
12 get a response and for his remedies to be answered correctly.  Plaintiff states that he has never
13 filed a lawsuit, so he does not know the guidelines and requests that his case be dismissed without
14 prejudice if his case is dismissed.  (*Id.* at 1.)

15       Based on the foregoing, it appears that as of March 5, 2023, the date Plaintiff signed his
16 response to the order to show cause, Plaintiff had not yet exhausted his administrative remedies.
17 Plaintiff filed the complaint on December 13, 2022.  (ECF No. 1.)  Therefore, because Plaintiff
18 had not yet received a final decision, and apparently has still not received a final decision,
19 Plaintiff failed to exhaust his administrative remedies before filing this action.  Plaintiff is
20 informed that a dismissal of this action, without prejudice, does not prevent him from re-filing
21 this action in this Court at a later date, once he completes exhaustion of his administrative
22 remedies.

23 **III.**  **Order and Recommendation**

24       Accordingly, the order to show cause issued on February 17, 2023, (ECF No. 13), is
25 HEREBY DISCHARGED and the Clerk of the Court is DIRECTED to randomly assign a
26 District Judge to this action.

27       Furthermore, it is HEREBY RECOMMENDED that this action be dismissed, without
28 prejudice, based on Plaintiff's failure to exhaust administrative remedies prior to filing suit.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **March 10, 2023**                    /s/ *Barbara A. McAuliffe*
                                                                    UNITED STATES MAGISTRATE JUDGE